

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

May 1, 1947

Hon. Glenn Capps
County Attorney
Mason County
Mason, Texas

Opinion No. V-178

Re: Authority of the Commis-
sioners' Court to appoint
a Justice of the Peace
where there was no per-
son elected to the office
at the last General Elec-
tion, and related questions.

Dear Sir:

Your request for an opinion from this office is, in part, as follows:

"On the 14th day of August, 1914, the Commis-
sioner's Court of Mason County, Texas, divided
Mason County into seven Justice of the Peace Pre-
cincts. For the past fifteen years or more no Jus-
tice of the Peace has been elected in any Justice of
the Peace Precinct in Mason County, Texas, except
Justice of the Peace Precinct No. One, with office
in the town of Mason, Texas. At the present time
the citizens of the Hilda Community in Justice of
the Peace Precinct No. Seven, in Mason County,
Texas, desire to have a Justice of the Peace ap-
pointed for that Precinct. They failed to nominate
a Justice of the Peace for Precinct No. Seven at
the Primary Election in 1946, or to elect a Justice
of the Peace in and for said Precinct No. Seven at
the General Election in 1946. . ."

#### "QUESTIONS

"1. Does the fact that no Justice of the Peace
was nominated or elected at the Primary or Gen-
eral Election held in 1946, nor for several years
prior thereto in said Justice Precinct constitute a
vacancy in said office as contemplated by the above
cited Constitution Article 6, Section 28, and Article
2555, Vernon's Annotated Civil Statutes?

"2. Would the Commissioners' Court of Mason
County, Texas, have the constitutional or Statutory

Authority to appoint a Justice of the Peace in said
Justice of the Peace Precinct No. 7 or other Pre-
cincts in Mason County, where no Justice of the
Peace was elected to hold office until the next
General Election?

"3. Are there any Constitutional or Statu-
tory authority whereby a Justice of the Peace
could be appointed or elected by special election
in said Justice Precinct or the other Justice Pre-
cincts in Mason County to hold office until the
next General Election?

"4. Could the Legislature by Special Act au-
thorize the Commissioner's Court of Mason County,
Texas, to appoint a Justice of the Peace for said
Precinct to hold office until the next General Elec-
tion?

"5. Could the Legislature by Special Act au-
thorize the qualified voters in said Justice Precinct
to call a special election and elect a Justice of the
Peace to hold office until the next General Election?"

Article V, Section 18, Constitution of Texas, provides in
part as follows:

"Each organized county in the State now or here-
after existing, shall be divided from time to time, for
the convenience of the people, into precincts, not less
than four and not more than eight. The present Coun-
ty Courts shall make the first division. Subsequent
divisions shall be made by the Commissioner's Court,
provided for by this Constitution. In each such pre-
cinct there shall be elected at each biennial election,
one justice of the peace and one constable, each of
whom shall hold his office for two years and until his
successor shall be elected and qualified;. . ." (Under-
scoring ours)

Article V, Section 28 of our Constitution provides:

"Vacancies in the office of Judges of the Supreme
Court, the Court of Criminal Appeals, the Court of
Civil Appeals and District Courts shall be filled by
the Governor until the next succeeding general elec-
tion; and vacancies in the office of County Judge and
justices of the peace shall be filled by the Commis-
sioners Court until the next general election for such

offices." (Underscoring ours)

Article 2355, V.C.S., provides:

"The Court (Commissioners' Court) shall have
power to fill vacancies in the office of: County Judge,
County Clerk, Sheriff, County Attorney, County Treas-
urer, County Surveyor, County Hide Inspector, As-
sessor of Taxes, Collector of Taxes, Justices of the
Peace, Constables, and County Superintendent of Pub-
lic Instruction. Such vacancies shall be filled by a
majority vote of the members of said Court, present
and voting, and the person chosen shall hold office
until the next general election." (Parenthesis and
underscoring ours)

Since there was no person nominated for the Justice of the
Peace, Precinct No. 7, in the primary election in 1946 and there
was no person elected to said office in the general election in 1946,
there now exists a vacancy in the office of Justice of the Peace of
Precinct No. 7, Mason County. See State v. Cocke, 54 Tex. 482;
Maddox v. York, 54 S. W. 24; 93 Tex. 275; Dobkins v. State, 19 S.W.
2d 574.

Section 28 of Article V of the Constitution of Texas makes
it the mandatory duty of the Commissioners' Court to fill a vacancy
in the office of Justice of the Peace. Moreover, there is no consti-
tutional or statutory provision authorizing a special election in such
cases.

In answer to your first question, therefore, it is our opin-
ion that since no Justice of the Peace was elected at the general elec-
tion in 1946, there exists a vacancy in said office as contemplated by
Article V, Section 28, of our Constitution and Article 2355, V.C.S.

In answer to your second question, it is our opinion that the
Commissioners' Court of Mason County does have the authority to
appoint a Justice of the Peace in Precinct No. 7 to hold said office
until the next general election.

In answer to your third question, it is our opinion that
there is no authority for holding an election for the purpose of elect-
ing a Justice of the Peace to fill the vacancy that now exists in said
office.

In view of our answers to your first three questions, it is
unnecessary to answer your fourth and fifth questions concerning
the authority of the Legislature to provide by special act for the
filling of such vacancy.

## SUMMARY

There exists a vacancy in the office of Justice
of the Peace of Precinct No. 7 in Mason County as
no person was elected to said office in the general
election in 1946, and said vacancy should be filled
by the Commissioners' Court of Mason County. Art.
V, Sec. 28, Const. of Tex.; Art. 2355, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *John Reeves*

John Reeves
Assistant

JR:djm

APPROVED MAY 1, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS